**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **RONALD W. EDMOND, #579280,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **3:07-CV-0862-K** |
| | ) | **ECF** |
| **UNIVERSITY HOSPITAL, Director, et al.,** | ) | |
| **Defendants.** | ) | |


**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in

implementation thereof, this case has been referred to the United States Magistrate Judge.  The

findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a *pro se* civil rights complaint brought by a state inmate pursuant

to 42 U.S.C. § 1983.

Parties:  Plaintiff is currently confined at the Estelle Unit of the Texas Department of

Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Huntsville, Texas.

Defendants are the Director of the University Hospital in Harlingen Texas, the Dallas County

Jail Medical Director, and the Dallas County Jail Medical and Dental Directors.  The Court has

not issued process in this case, pending preliminary screening.

Statement of Case:  Plaintiff complains of two incidents:  (1) an injury to his penis

following an exploratory procedure at the University Hospital in Harligen, Texas, and (2) an

injury to his jaw sustained while confined at the Dallas County Jail.  He seeks monetary relief

with respect to both incidents.  He also requests injunctive relief, namely that his broken jaw be

repaired.

Findings and Conclusions:   The Prison Litigation Reform Act (PLRA), enacted into law on April 26, 1996, amended 28 U.S.C. § 1915 as it relates to civil actions filed by prisoners in federal court.  Among the changes effected by the PLRA was the inclusion of 28 U.S.C. § 1915(g), also known as the "three-strike" provision.  Section 1915(g) precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court which were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim.  *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

A review of the U.S. Party and Case Index reflects that Plaintiff is a frequent filer, having filed over thirty actions in the United States District Courts in Texas.  *See* http://pacer.uspci. uscourts.gov/cgi-bin/dquery.pl.  Most recently in *Edmond v. Koshdel, et al.*, 4:07cv1128 (S.D. Tex., Houston Div., Apr. 4, 2007), the district court dismissed one of Plaintiff's prior civil right complaints as barred by three strikes.  This Court has also previously dismissed one of Plaintiff's civil rights complains as barred by the three-strike provision.  *See Edmond v. Texas Department of Corrections, et al.*, 3:97cv1775 (N.D. Tex., Dallas Div. Sep. 26, 1997) (accepting findings and conclusions of the Magistrate Judge).

Because Plaintiff has accumulated at least three "strikes," § 1915(g) precludes him from proceeding in this action *in forma pauperis* unless he alleges a claim of "imminent danger of serious physical injury" at the time he files the complaint.  *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998).  Insofar as Plaintiff seeks to bring an action against any Dallas County entity arising out of an injury sustained while confined in the Dallas County Jail, the complaint

presents no claim that he was in danger of any physical injury at the time of filing the same. *See Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). *See also Banos*, 144 F.3d at 883-84. It is clear that any action for past injuries does not allege facts giving rise to a claim of "imminent danger of serious physical injury." Therefore, the District Court should bar Plaintiff from proceeding *in forma pauperis* and dismiss this claim as barred by three strikes unless he pays the full filing fee of $350.00 within the next ten days. *See Adepegba*, 103 F.3d at 388.

Plaintiff's remaining claim relates to incidents which allegedly occurred in Harlingen, Texas, and /or which relate to his current alleged need for medical attention at the Estelle Unit in Huntsville, Texas. Venue is improper in the Northern District with respect to this claim. *See* 28 U.S.C. § 1391(b) (setting out provisions governing venue of a federal cause of action) and § 1406(a) (providing that when venue is not proper, a district court has the authority to dismiss the case or transfer it in the interest of justice to any district or division in which the action could have been brought). Therefore, the District Court should dismiss this claim without prejudice because of improper venue.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court BAR Plaintiff from proceeding *in forma pauperis* on his claim for past injury sustained to his jaw at the Dallas County Jail, and DISMISS the same as barred by three strikes under 28 U.S.C. § 1915(g), unless Plaintiff tenders the $350.00 filing fee to the District Clerk within ten (10) days of the filing of this recommendation.

It is further recommended that Plaintiff's claim relating to incidents in Harlingen, Texas,

and/or to his current need for medical attention at the Estelle Unit in Huntsville, Texas, be

DISMISSED without prejudice because of improper venue.  *See* 28 U.S.C. § 1406(a).

The pretrial management referral should be TERMINATED.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 11th day of June, 2007.


_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


<u>NOTICE</u>

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.